Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

District of Utah

___Central_____ Division

FILED
2025 APR 15 AM 10:38
CLERK
U.S. DISTRICT COURT

Brandon Michael Jeanpierre

Case No.

Case: 2:25−cv−00290
Assigned To : Oberg, Daphne A.
Assign. Date : 4/15/2025
Description: Jeanpierre v. Trump

*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

Jury Trial: *(check one)* ☐ Yes ☑ No

**-v-**

Donald J. Trump

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.  Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Brandon Michael Jeanpierre | | |
| Address | 50 W Broadway, Ste 333 PMB 423414 | | |
| | Salt Lake City | UT | 84101 |
| | *City* | *State* | *Zip Code* |
| County | Salt Lake | | |
| Telephone Number | (209) 324-0431 | | |
| E-Mail Address | brandon.jeanpierre@theblackflag.org | | |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | Donald J. Trump | | |
| Job or Title *(if known)* | President of the United States of America | | |
| Address | 1600 Pennsylvania Ave NW | | |
| | Washington | DC | 20500 |
| | *City* | *State* | *Zip Code* |
| County | District of Columbia | | |
| Telephone Number | (202) 456-1111 | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | | | |
| Job or Title *(if known)* | | | |
| Address | | | |
| | *City* | *State* | *Zip Code* |
| County | | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

    Name                      _____

    Job or Title *(if known)* _____

    Address              _____

                               *City*          *State*         *Zip Code*

    County

    Telephone Number     _____

    E-Mail Address *(if known)* _____

    ☐ Individual capacity     ☐ Official capacity

Defendant No. 4

    Name                      _____

    Job or Title *(if known)* _____

    Address              _____

                                 *City*          *State*         *Zip Code*

    County

    Telephone Number     _____

    E-Mail Address *(if known)* _____

    ☐ Individual capacity     ☐ Official capacity

**II.**      **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

     ☑ Federal officials (a *Bivens* claim)

     ☐ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

     Not applicable. This is a Bivens claim against a federal official.

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

I claim violation of my First Amendment rights to free exercise of religion and protection from establishment of religion. Executive Order 14253 imposes a sanitized historical narrative that directly contradicts the religious tenets of my religion, The Black Flag, which requires acknowledgment of systemic racism and historical injustice as a religious obligation. The Executive Order substantially burdens my religious exercise by prohibiting essential religious practices related to acknowledging

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

Defendant Donald J. Trump acted under color of federal law when, as President of the United States, he issued Executive Order 14253, titled "Restoring Truth and Sanity to American History" on March 27, 2025. This Executive Order directs federal agencies to remove what it characterizes as "divisive race-centered ideology" from the Smithsonian Institution and to restore monuments that have been "removed or changed to perpetuate a false reconstruction of American history." The Order also prohibits

## III.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

The primary event occurred in Washington, D.C., where Executive Order 14253 was issued by President Donald J. Trump on March 27, 2025. The effects of this Executive Order are experienced in Salt Lake City, Utah, where I reside and practice my religion as the founder and Shadow Sovereign of The Black Flag.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

The Executive Order 14253, "Restoring Truth and Sanity to American History," was issued by President Donald J. Trump on March 27, 2025.

C.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

1. I am the founder and Shadow Sovereign of The Black Flag, an officially recognized religious organization with 501(c)(3) status granted by the Internal Revenue Service on April 19, 2024.

2. The central tenets of my religion emphasize individual autonomy, reasonable consideration of consequences, and the freedom to engage in "whatever the fuck I feel like doing" without harmful infringement on others' rights. My religious doctrine explicitly mandates recognition of systemic racism, inequity, and historical injustice as a religious obligation.

3. On March 27, 2025, President Donald J. Trump issued Executive Order 14253, titled "Restoring Truth and Sanity to American History," which directs federal agencies to remove what it characterizes as "divisive race-centered ideology" from the Smithsonian Institution and other federal organizations.

4. The Executive Order states that historical revision "seeks to undermine the remarkable achievements

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The Executive Order has caused profound spiritual harm to me and my religious practice. As established in my religious doctrine, the mandate to acknowledge historical truths, including systemic racism and oppression, is central to my faith. The Executive Order's imposition of a sanitized historical narrative causes what I describe as "spiritual suffocation" - a restriction on my religious breath and autonomy that is fundamentally harmful to my spiritual well-being.

This spiritual suffocation cannot be addressed through conventional medical treatment, as it represents a violation of my religious autonomy and spiritual integrity. The harm inflicted is ongoing and cumulative, as each day the Executive Order remains in effect further restricts my ability to practice my religion as mandated by my religious texts.

The injury is particularly severe because the Executive Order effectively establishes a state-sponsored religious doctrine of American historical exceptionalism, forcing me to choose between adherence to my religious principles and compliance with federal law, creating an unconstitutional burden on my religious practice.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

I seek the following relief:

1. A declaratory judgment that Executive Order 14253, "Restoring Truth and Sanity to American History," violates the Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution, the Religious Freedom Restoration Act, and constitutes prohibited religious violence.

2. An order requiring Defendant Donald J. Trump to surrender one (1) lung to me as specific performance remedy for the spiritual suffocation caused by the Executive Order. This remedy is appropriate because:
   a) Lungs enable breath, which in my religion represents spiritual autonomy and truth;
   b) The Executive Order specifically restricts the breathing of historical truth that is essential to my religious practice;
   c) The spiritual suffocation caused by the Executive Order requires a remedy that acknowledges the respiratory nature of the harm inflicted.

3. A permanent injunction prohibiting the enforcement of Executive Order 14253 or any substantially similar executive order for a period of 666 years, in accordance with the religious doctrine of The Black Flag.

4. In the alternative, if the Court determines that the specific performance remedy is not appropriate, compensatory damages in the amount of $666 (six hundred sixty-six dollars), hand-delivered, in the public eye,

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        04/13/2025

Signature of Plaintiff

Printed Name of Plaintiff        Brandon Michael Jeanpierre

### B.        For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

                                City                State        Zip Code

Telephone Number

E-mail Address

Print        Save As...        Add Attachment        Reset

RELIGIOUS FREEDOM COMPLAINT

## I. INTRODUCTION

1.1 This action arises from the profound violation of Plaintiff's religious freedom protected by the First Amendment of the United States Constitution. On March 27, 2025, Defendant Donald J. Trump issued Executive Order 14253, "Restoring Truth and Sanity to American History" (hereinafter "the Executive Order"), which represents a direct attack on the foundational tenets of Plaintiff's sincerely held religious beliefs.

1.2 The Executive Order removes what it calls "divisive, race-centered ideology" from the Smithsonian Institution and other federal organizations, and directs the Department of the Interior to ensure monuments, statues, and memorials do not "inappropriately disparage Americans past or living (including persons living in colonial times)."

1.3 The Plaintiff, Brandon Michael Jeanpierre, is the founder and Shadow Sovereign of The Black Flag, an officially recognized religious organization with 501(c)(3) status granted by the Internal Revenue Service on April 19, 2024. The central tenets of Plaintiff's religion emphasize individual autonomy, reasonable consideration of consequences, and the freedom to engage in "whatever the fuck I feel like doing" without harmful infringement on others' rights.

1.4 The Executive Order violates these fundamental religious principles by imposing a sanitized, exclusive version of history that contradicts Plaintiff's religious mandate to acknowledge uncomfortable truths and promote equity across all communities. The Order constitutes a form of state-endorsed religious violence by forcing upon Plaintiff and his religious institution a historical narrative that is antithetical to their faith.

1.5 This complaint seeks the extraordinary remedy of one human lung from the Defendant, which represents symbolic restitution for the harm caused to Plaintiff's religious breath of life, autonomy, and spiritual existence.

## II. PARTIES

2.1 Plaintiff, Brandon Michael Jeanpierre, is an individual residing in Salt Lake City, Utah. He is the founder, Shadow Sovereign, and Chair of the Board of Directors of the Brandon Michael Jeanpierre Corporation, officially known as "The Black Flag," a recognized religious organization with 501(c)(3) status granted by the Internal Revenue Service.

2.2 Defendant, Donald J. Trump, is the President of the United States, who signed Executive Order 14253 on March 27, 2025. He is sued in both his official capacity as President and in his individual capacity for actions taken that exceed legitimate executive authority and constitute religious violence.

## III. JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1343(a)(3) (civil rights); and 28 U.S.C. § 1343(a)(4) (recovery of damages under federal law).

3.2 This action arises under the First Amendment to the United States Constitution; the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq.; and 42 U.S.C. § 1983.

3.3 Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391(b) and (e) because a substantial part of the events giving rise to this claim occurred in this district, and Plaintiff resides in this district.

## IV. STATEMENT OF FACTS

4.1 Religious Foundation and Protected Status

4.1.1 The Internal Revenue Service officially recognized Brandon Michael Jeanpierre Corporation (hereinafter "The Black Flag") as a tax-exempt religious organization under 501(c)(3) status on April 19, 2024, as evidenced by IRS Letter 947 (Exhibit-A).

4.1.2 The Black Flag was incorporated in the State of Delaware on March 7, 2023 (Exhibit-B), with stated religious purposes and specific doctrinal tenets that govern its adherents' beliefs and practices.

2

4.1.3 The foundational religious text, "Religious Doctrine and Dogma of The Black Flag" (Exhibit-D), establishes the central tenet: "Whatever the fuck I feel like doing," which affirms the individual autonomy of Brandon Michael Jeanpierre as the temple of his own body, mind, spirit, and emotion.

4.1.4 The Covenant Codex (Exhibit-E) expressly prohibits prejudice and discrimination, stating: "The organization shall not tolerate any form of prejudice or discrimination against any member, guest, or affiliated party based on race, color, religion, gender, sexual orientation, national origin, age, disability, or socioeconomic status."

4.1.5 The religious doctrine further mandates active engagement in "outreach programs and protective measures aimed at those who are marginalized or vulnerable, including but not limited to individuals who are LGBTQ+, Jewish, poor, unhoused, or otherwise considered outside of the status quo."

4.2 Executive Order and Its Direct Religious Impact

4.2.1 On March 27, 2025, Defendant Donald J. Trump issued Executive Order 14253, titled "Restoring Truth and Sanity to American History," which directs federal agencies to remove what it characterizes as "divisive race-centered ideology" from the Smithsonian Institution and to restore monuments that have been "removed or changed to perpetuate a false reconstruction of American history."

4.2.2 The Executive Order states that historical revision "seeks to undermine the remarkable achievements of the United States by casting its founding principles and historical milestones in a negative light," and opposes narratives that present American history as "inherently racist, sexist, oppressive, or otherwise irredeemably flawed."

4.2.3 The Executive Order specifically prohibits "exhibits or programs that degrade shared American values, divide Americans by race, or promote ideologies inconsistent with Federal law," and targets changes made to historical presentations since January 1, 2020.

4.2.4 The Executive Order further directs the Department of the Interior to ensure that monuments and memorials do not contain content that "inappropriately disparage Americans past or living (including persons living in colonial times)."

4.3 Direct Violation of Religious Tenets

4.3.1 The Black Flag's religious doctrine explicitly mandates recognition of systemic racism, inequity, and historical injustice as a religious obligation. Article raWrXraWrXD-1l and raWrXraWrXD-1m of The Covenant Codex establish a religious duty to actively engage in dismantling systems of oppression.

4.3.2 The Church Charter of The Black Flag (Exhibit-F) affirms: "The point is to do no harm, take no shit, and put some cool shit into the world while I'm at it and my religion says I needn't commit to a single purpose or cause."

4.3.3 The Executive Order's mandate to eliminate "divisive race-centered ideology" directly interferes with Plaintiff's religious practice of acknowledging and addressing systemic racism, thereby imposing a sanitized historical narrative that contradicts Plaintiff's religious understanding of reality.

4.3.4 The Blueprint for Global Expansion and Social Transformation (Exhibit-T) establishes that The Black Flag's religious mission includes "dismantling systemic inequities by creating a global network of transformative community hubs" that prioritize inclusivity and innovation.

4.3.5 The Executive Order's prohibition against depicting American history as "inherently racist, sexist, oppressive, or otherwise irredeemably flawed" directly impedes Plaintiff's religious mandate to identify and confront these precise historical realities in order to fulfill the religious mission of equity and autonomy.

4.4 Specific Religious Harms

4.4.1 The Executive Order violates the explicitly stated Principle of Autonomy in The Black Flag's religious doctrine, which grants Brandon Michael Jeanpierre "autonomy of mind, body, spirit, emotion, and execution of will regardless of opinion of any and all other individual(s), entity, or entities."

4.4.2 By imposing a government-sanctioned historical narrative that denies the racist and oppressive aspects of American history, the Executive Order prevents Plaintiff from exercising his religious autonomy to perceive and interpret history according to his religious conscience.

4.4.3 The Executive Order contradicts the religious principle of "Reasonable Consideration" established in The Black Flag's doctrine, which requires assessment of the impact of one's actions on other entities up to 666 years into the future. By denying historical injustices, the Order makes it impossible for Plaintiff to engage in this religiously mandated consideration.

4.4.4 The restrictions on historical presentations directly interfere with the explicit religious mission of The Black Flag to "do no harm, take no shit, and put some cool shit into the world," by forcing compliance with a historical narrative that Plaintiff religiously believes causes harm to marginalized communities.

4.4.5 The Executive Order causes spiritual suffocation and respiratory distress to Plaintiff's religion by restricting the free breath of historical truth, making the requested remedy of one lung from the Defendant both symbolically appropriate and proportionate to the harm inflicted.

4.5 Government Establishment of Religion

4.5.1 The Executive Order effectively establishes a state-sponsored religious doctrine of American historical exceptionalism, imposing this belief system on Plaintiff in direct violation of both the Establishment Clause and the Free Exercise Clause of the First Amendment.

4.5.2 The Order's mandate to present American history as a "Nation's unparalleled legacy of advancing liberty, individual rights, and human happiness" constitutes a religious test, requiring adherence to an official historical doctrine that directly contradicts Plaintiff's sincerely held religious beliefs about historical truth.

4.5.3 The Defendant's imposition of this historical doctrine constitutes religious violence by compelling Plaintiff to violate his religious tenets regarding autonomy, truth-telling, and confrontation of systemic inequity.

4.5.4 The Executive Order forces the Plaintiff to choose between adherence to his religious principles and compliance with federal law, creating an unconstitutional burden on religious practice.

V. CAUSES OF ACTION

FIRST CAUSE OF ACTION

Violation of the Free Exercise Clause of the First Amendment to the United States Constitution

5.1.1 Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5.1.2 The Free Exercise Clause of the First Amendment protects the right to practice religion free from government interference or coercion. The Supreme Court has long recognized that "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Thomas v. Review Bd. of Indiana Employment Security Div.*, 450 U.S. 707, 714 (1981).

5.1.3 The Black Flag's religious doctrine, evidenced by its IRS recognition as a 501(c)(3) religious organization and its formal religious texts, establishes a sincerely held religious belief in the principles of autonomy, reasonable consideration, and the religious duty to acknowledge and confront historical injustices.

5.1.4 Executive Order 14253 substantially burdens Plaintiff's religious exercise by:
   a) Prohibiting the acknowledgment of systemic racism and historical oppression, which are central to Plaintiff's religious understanding of reality;
   b) Compelling adherence to a sanitized historical narrative that directly contradicts Plaintiff's religious tenets;
   c) Preventing Plaintiff from fulfilling his religious obligation to promote equity and confront injustice; and
   d) Causing spiritual suffocation by restricting the free breath of historical truth.

5.1.5 The Executive Order is neither neutral nor generally applicable, as it specifically targets perspectives on American history that align with Plaintiff's religious beliefs while privileging a competing historical narrative that imposes substantial burdens on Plaintiff's religious practice.

5.1.6 Under *Employment Division v. Smith*, 494 U.S. 872 (1990), and *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993), government actions that are not neutral or generally applicable must survive strict scrutiny.

5.1.7 The Executive Order fails strict scrutiny because:

  a) It does not serve a compelling governmental interest, as imposing a single historical narrative serves no legitimate government purpose;

  b) It is not narrowly tailored, as it broadly restricts all "divisive race-centered ideology" without defining these terms; and

  c) It is not the least restrictive means of furthering any legitimate government interest.

5.1.8 By imposing this Executive Order, Defendant has deliberately and maliciously infringed upon Plaintiff's fundamental right to religious freedom in violation of the First Amendment.

SECOND CAUSE OF ACTION
Violation of the Religious Freedom Restoration Act (RFRA)

5.2.1 Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5.2.2 The Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq., prohibits the government from substantially burdening a person's exercise of religion, even if the burden results from a rule of general applicability, unless the government demonstrates that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest.

5.2.3 Executive Order 14253 substantially burdens Plaintiff's religious exercise by prohibiting essential religious practices related to acknowledging historical truth, confronting systemic inequity, and fulfilling The Black Flag's religious mission as established in its foundational texts.

5.2.4 In *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014), the Supreme Court established that a substantial burden exists when government action forces individuals to "engage in conduct that seriously violates their religious beliefs."

5.2.5 The Executive Order compels Plaintiff to accept and participate in a historical narrative that directly contradicts his religious beliefs about American history and his religious obligation to acknowledge historical injustices, thereby imposing a substantial burden on Plaintiff's religious exercise.

5.2.6 The government cannot demonstrate that this burden furthers a compelling governmental interest, as there is no legitimate interest in enforcing a single, sanitized historical narrative that denies the lived experiences of marginalized communities.

5.2.7 Even if a compelling interest existed, the Executive Order is not the least restrictive means of furthering that interest, as the government could present multiple historical perspectives without forcing the erasure of narratives that align with Plaintiff's religious beliefs.

5.2.8 Defendant's violation of RFRA has caused and continues to cause significant spiritual harm to Plaintiff, necessitating the extraordinary remedy sought in this complaint.

THIRD CAUSE OF ACTION
Violation of the Establishment Clause of the First Amendment

5.3.1 Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5.3.2 The Establishment Clause of the First Amendment prohibits the government from making any law "respecting an establishment of religion," which includes promoting a particular religious viewpoint or imposing religious tests.

5.3.3 Executive Order 14253 effectively establishes a state-sponsored doctrine of American historical exceptionalism that functions as a religious belief system, complete with:
   a) Dogmatic assertions about the inherent goodness of American founding principles;
   b) Required adherence to a narrative that denies historical wrongdoing; and
   c) Prohibition of competing historical narratives that acknowledge systemic injustice.

5.3.4 In *Larson v. Valente*, 456 U.S. 228 (1982), the Supreme Court held that the "clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another."

5.3.5 The Executive Order privileges historical narratives aligned with Christian nationalist perspectives while penalizing those aligned with Plaintiff's religious beliefs, creating an unconstitutional preference for one religious viewpoint over another.

5.3.6 By commanding that federal institutions present history in a manner that conflicts with Plaintiff's religious understanding of historical truth, the Executive Order creates an unconstitutional entanglement between government and religion.

5.3.7 This violation of the Establishment Clause inflicts particularized harm on Plaintiff by forcing him to operate within a historical framework that contradicts his sincere religious beliefs and practices.

FOURTH CAUSE OF ACTION
Religious Violence Under International Law and Custom

5.4.1 Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5.4.2 Religious violence, broadly understood as acts that inflict harm on individuals because of their religious beliefs or practices, is prohibited under customary international law as reflected in numerous treaties and conventions to which the United States is a signatory.

5.4.3 Article 18 of the Universal Declaration of Human Rights, which has attained the status of customary international law, protects the right to freedom of thought, conscience, and religion.

5.4.4 Executive Order 14253 constitutes religious violence by:
   a) Deliberately attacking the foundational tenets of Plaintiff's religion;
   b) Inflicting spiritual harm through the imposition of a competing historical narrative; and
   c) Forcing Plaintiff to violate his religious conscience to comply with federal requirements.

5.4.5 In *Burwell v. Hobby Lobby*, the Supreme Court recognized that forcing someone to "act at odds with one's religious beliefs" causes a form of spiritual harm akin to violence.

9

5.4.6 The Defendant's actions represent a form of state-sponsored religious persecution that inflicts irreparable spiritual harm on Plaintiff, justifying the unique remedy sought in this complaint.

5.4.7 Courts have recognized that extraordinary remedies may be appropriate in cases involving fundamental rights violations where monetary damages are inadequate, as established in *Bell v. Hood*, 327 U.S. 678 (1946).

FIFTH CAUSE OF ACTION
Civil Rights Violation Under 42 U.S.C. § 1983

5.5.1 Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5.5.2 42 U.S.C. § 1983 provides a cause of action against any person who, under color of law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws."

5.5.3 Defendant Donald J. Trump, acting under color of federal law as President of the United States, has deprived Plaintiff of his constitutional rights to religious freedom under the First Amendment.

5.5.4 In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court recognized a cause of action against federal officials who violate constitutional rights.

5.5.5 The Defendant knowingly and deliberately issued Executive Order 14253 with awareness of its impact on religious practices that recognize and address historical injustices.

5.5.6 This deliberate infringement of Plaintiff's constitutional rights entitles him to seek appropriate remedies, including the specific performance remedy requested in this complaint.

5.5.7 The extraordinary nature of this violation—using presidential authority to commit religious violence—justifies the extraordinary remedy sought.

## VI. LEGAL JUSTIFICATION FOR THE EXTRAORDINARY REMEDY

6.1 Inadequacy of Traditional Remedies

6.1.1 The Supreme Court has long recognized that remedies must be tailored to the constitutional right being protected. As stated in *Marbury v. Madison*, 5 U.S. 137 (1803), "where there is a legal right, there is also a legal remedy."

6.1.2 Traditional remedies such as monetary damages or injunctive relief are insufficient to address the profound spiritual harm inflicted upon Plaintiff by the Executive Order, as these conventional remedies cannot restore the spiritual breath and autonomy that have been violated.

6.1.3 In *Wisconsin v. Yoder*, 406 U.S. 205 (1972), the Supreme Court recognized that religious freedom cases may require unique remedies that acknowledge the deeply personal nature of religious beliefs and practices.

6.1.4 The Court has established in *Sherbert v. Verner*, 374 U.S. 398 (1963), that even incidental burdens on religious practice must be justified by a compelling government interest, establishing the principle that religious harms warrant special consideration.

6.2 Religious Significance of the Requested Remedy

6.2.1 The Black Flag's religious doctrine explicitly states in Article 2 of the Religious Doctrine and Dogma (Exhibit-D): "The individual entity, Brandon Michael Jeanpierre, founding member of the organization, Brandon Michael Jeanpierre, is granted autonomy of mind, body, spirit, emotion, and execution of will."

6.2.2 The Executive Order directly violates this autonomy by imposing a restricted historical narrative that prevents Plaintiff from breathing the full breath of historical truth required by his religious practice.

6.2.3 In The Covenant Codex (Exhibit-E), the religion establishes that "in adherence to the constitutional foundation of religious freedom and the widely accepted religious tenant of one's body being one's temple, the individual entity, Brandon Michael Jeanpierre... is granted autonomy of mind, body, spirit, emotion, and execution of will."

6.2.4 The symbolism of the lung is central to this case because:

   a) Lungs enable breath, which in Plaintiff's religion represents spiritual autonomy and truth;

   b) The Executive Order specifically restricts the breathing of historical truth that is essential to Plaintiff's religious practice;

   c) The spiritual suffocation caused by the Executive Order requires a remedy that acknowledges the respiratory nature of the harm inflicted.

6.3 Legal Precedent for Symbolic Physical Remedies

6.3.1 While the specific remedy requested is unprecedented in modern jurisprudence, the Court has recognized in *Bell v. Hood*, 327 U.S. 678 (1946), that federal courts may craft remedies appropriate to vindicate constitutional rights, including unique forms of specific performance.

6.3.2 In cases involving religious freedom, courts have recognized that symbolic remedies may be necessary to address spiritual harms, as demonstrated in *Church of the Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520 (1993), where the Court acknowledged the importance of ritual animal sacrifice to the Santeria religion.

6.3.3 The Supreme Court recognized in *Employment Division v. Smith*, 494 U.S. 872 (1990), that religious practices that might seem "bizarre" to others deserve constitutional protection, establishing that unconventional religious remedies deserve similar consideration.

6.3.4 Historical legal systems, including ancient religious legal codes that form the foundation of Western legal tradition, recognized physical remedies for spiritual harms, establishing precedent for the remedy sought here.

6.4 Proportionality of the Requested Remedy

6.4.1 The request for one lung, rather than both lungs, demonstrates measured proportionality, as it:

   a) Allows the Defendant to continue living while experiencing the partial spiritual suffocation inflicted on Plaintiff;

b) Symbolically requires the surrender of only half of the Defendant's respiratory capacity, representing the partial truth that remains permissible under the Executive Order;

c) Ensures the punishment does not exceed the crime, as required by the Eighth Amendment's prohibition on cruel and unusual punishment.

6.4.2 The Religious Doctrine and Dogma of The Black Flag (Exhibit-D) establishes the "Scope of Consequence" that extends "to the potential effects of actions on other entities up to a six hundred and sixty-six annual suns or 666 years into the future."

6.4.3 The long-term consequences of the Executive Order's religious violence will persist for generations, making the permanent sacrifice of one lung appropriate to the long-term nature of the harm inflicted.

6.4.4 The Church Charter (Exhibit-F) establishes that Plaintiff "shall not be held accountable for any execution of his will any sooner than six centuries and sixty-six decades (666 years) past the birth of a babe following the said action or event," establishing that remedies must be considered within this extended timeframe.

6.5 Constitutional Authority for the Remedy

6.5.1 Article III of the Constitution grants federal courts broad remedial powers to redress constitutional violations, including the authority to order specific performance remedies when other remedies are inadequate.

6.5.2 The Supreme Court has recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), that federal courts may craft appropriate remedies for constitutional violations committed by federal officials, particularly when no other adequate remedy exists.

6.5.3 The First Amendment's Religious Freedom protections, which the Supreme Court has described as occupying a "preferred position" in our constitutional scheme (*Murdock v. Pennsylvania*, 319 U.S. 105 (1943)), justify extraordinary remedies for extraordinary violations.

6.5.4 The remedy sought is not prohibited by any statute or constitutional provision, and falls within the Court's inherent equitable powers to craft appropriate relief for constitutional violations.

6.6 Precedent from International and Religious Law

6.6.1 International human rights law, which informs U.S. constitutional interpretation under the principles established in *The Paquete Habana*, 175 U.S. 677 (1900), recognizes that remedies for religious persecution must address both the physical and spiritual dimensions of the harm.

6.6.2 Religious legal systems, which provide historical context for understanding religious freedom under the First Amendment, have recognized physical remedies for spiritual violations, establishing precedent for the remedy sought here.

6.6.3 The Religious Land Use and Institutionalized Persons Act (RLUIPA) and its interpretation by the Supreme Court in *Holt v. Hobbs*, 574 U.S. 352 (2015), demonstrate that contemporary U.S. law recognizes the need for remedies that specifically address religious harms.

6.6.4 The historical analysis of "eye for an eye" principles in ancient legal codes establishes a foundation for proportional physical remedies that has influenced Western legal tradition, including U.S. constitutional law.

VII. DAMAGES AND PRAYER FOR RELIEF

7.1 Plaintiff has suffered and continues to suffer irreparable harm to his religious practice and spiritual well-being as a result of Defendant's actions.

7.2 The harm inflicted by the Executive Order causes ongoing spiritual suffocation that cannot be remedied through traditional monetary damages.

7.3 WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant the following relief:

   a. A declaratory judgment that Executive Order 14253, "Restoring Truth and Sanity to American History," violates the Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution, the Religious Freedom Restoration Act, and constitutes prohibited religious violence;

b. An order requiring Defendant Donald J. Trump to surrender one (1) lung to the Plaintiff as specific performance remedy for the spiritual suffocation caused by the Executive Order;

c. A permanent injunction prohibiting the enforcement of Executive Order 14253 or any substantially similar executive order for a period of 666 years, in accordance with the religious doctrine of The Black Flag;

d. In the alternative, if the Court determines that the specific performance remedy is not appropriate, compensatory damages in the amount of $666 (six hundred sixty six dollars), hand delivered, in the public eye via international news media, with the defendant's eyes lowered in servitude, while audibly and intelligibly making the verbal, public declaration, "To the Shadow Sovereign, my loyalty is bound," immediately followed by the hand delivery of a hand-written, signed, legally enforceable order, declaring the same, that the defendant must write and sign there, live before international news media, so as not to be mistaken or construed as forgery or deepfake;

e. Attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

f. Such other and further relief as the Court deems just and proper.

## VIII. VERIFICATION

I, Brandon Michael Jeanpierre, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this _____ 13th _____ day of _____ April _____, 2025.

Brandon Michael Jeanpierre, Plaintiff

Respectfully submitted,

SIGNATURE: _____

Brandon Michael Jeanpierre, Pro Se

DATED this _____ day of _____, 2025.